Good morning, your honors. May it please the court, Lamar Howell with my associate Johannes Siem for the Gibbons appellants here. I'd like to reserve five minutes. We're here because attorney's fees of $122,835 were awarded against these indigent black civil rights litigants when they exercised their right to file a civil rights case in federal court against two police officers in the city of Kirkland. Counsel. Yes, sir. Your best cases shaker. Yeah, but it looks to me like shakers distinguishable because in shaker it was a complaint of officer misconduct and here it was a lawsuit against the officer. Lawsuit is an action that is often distinguished from speech or petitioning for redress of grievances and the tort of abusive process, the tort of malicious prosecution. Those are torts that have never been viewed as violations of anyone's free speech rights. Well, you know, even though I am so glad that you asked that because it isn't as though I didn't expect you to do it. And there was a brief in the amicus brief said you couldn't find one case that said it. And also, and the Marrero case versus Camden County Board of Social Service 164 federal sub 455 equates a lawsuit with speech. That's a district court case. Yes, your honor. But I'm not giving up yet. Circuit court case. Okay, let me go then to the second third circuit. Anderson versus the villa. That was one twenty five federal third one forty eight also cited in the Marrero case where the court said although the plaintiffs ordinarily must show that his speech was a matter of public concern to qualify for its protected activity under the first amendment. This circuit has held that this requirement does not apply in cases where the speech itself constitutes plaintiff's lawsuit. And I think that's what we have here because we can have lawsuits that in fact equate to speech. And I don't think we can make that distinction or I shouldn't say we, this court can make that distinction because it is protected activity. But that mean that the entire tort of malicious prosecution for filing an unfounded lawsuit is is unconstitutional. No, your honor, it does not. Because in the state of Washington, and we have to face it, that malicious prosecution really is a restriction on the first amendment right to petition the court because you should be free to bring without a fear of intimidation. To exercise that right and the gem. What you say, I could see where you could have a rule that said no one can be held to answer and damages for filing a lawsuit. But I didn't think that was the law. And you're saying it is. They said all we want here is to have a baseless lawsuit, decided this lawsuit was baseless. We're not after any damages. We don't want money. We just want vindication. And that wasn't true. They were after hundreds of thousands of attorney's fees. Not only that. Why wouldn't they have to, the way I remember the tort of malicious prosecution, the attorney's fees that you've had to spend to defend yourself against the baseless lawsuit are your damages. That's special damages. Why wouldn't they have to ask the jury for their damages in their malicious prosecution? I'm so glad you asked that question because you don't have to prove damages under the RCW. That's what I say is unconstitutional here because you can have liquidated damages. Is there Washington law that says your attorney's fees are your damages in that Washington statutory tort? What it says, if it's false, malicious, without probable cause, unfound and so forth, then the officers can recover attorney's fees. Were the janitors cooperating with the police officer in any respect that indicated they had a right to be there? Your Honor, it was a he said, she said situation when there were janitors doing their work over in Bellevue at night, late at night, and they were confronted. And one of the guys said, why did we violate some traffic law and so forth? Why are you stopping me? And she said, if you're going to be an asshole about it, let's see some identification. So there was a back and forth swearing on going on. And and the jury and if you were a juror sitting there and they said, you know, all I want is vindication that we were doing our job and this was a baseless lawsuit and so forth. And the jury said, yes, that it is we find for you. But it didn't they didn't tell the jury that they were after these attorney's fees. And you see, and I can understand, of course, concern because five five judges in western Washington have upheld it. But I'm getting ahead of my story because you made me do that. So let me let me point out that Judge Brian, which most of the other cases, this was a 205 cases, but it was a cat case. Some 40 cats were killed or so forth. And Judge Brian, you got to read his opinion. And I recommend it. He did not like the statute because he thinks it's unnecessary. So there goes the argument that for keeping it. And he says, I've been struggling with it for years. Why has he been struggling? Does he think it may be unconstitutional? He thinks Rule 11 covers the problem for everyone. He could have also mentioned the frivolous claim statute and perjury laws. He thought the right to sue is not a fundamental right the way that some rights are fundamental. That the cases say he's wrong. For example, the case that he cited. So the error case. All right. Treated it with rational basis rather than strict scrutiny. But the very severe case that Judge Brian cited says, statutes that treat individuals differently based on their race, alienage, or national origin are subject to strict scrutiny and will be sustained only if they are suitably tailored to serve a compelling state interest. Statutes infringing on fundamental rights are subject to the same search and review. And so what the analysis was in that Catt case was that he didn't think it was fundamental. So he used rational review. He thought the problem statute. And see, the trial court thought that there was a problem with the statute. But he wants to keep it constitutional. What does he say? That any problem with the statute could be cured by bifurcating the trial first for the plaintiffs, then the defendant's counterclaim. I understand you raised this in a motion to dismiss, which the judge denied. Yes, Your Honor. And if I understand correctly, there was no appeal of that ruling. No, Your Honor, because. No, no, there wasn't, or no, I'm wrong. No, you're right. There was no appeal. But let me tell you, the reason being no attorney's fees were assessed after the judgment. This is not an appeal on the merits. This is an appeal concerning the attorney's fees that was based on that statute. And what is interesting in that, Judge Kuhnauer, you know, the case was Kuhnauer had it and then Judge Beckman. But Judge Kuhnauer was asking, really asking for help from this court. Because in footnote five, and I urge it on the court, listen to this plea for help. In a different, no, I'm sorry. Footnote, yeah, footnote six, pardon. A form of speech protected by, in a different section of their motion, plaintiffs cite a Supreme Court case and a Ninth Circuit case for the proposition that a lawsuit is a form of speech protected by the First Amendment. In these cases, however, both the Supreme Court and Ninth Circuit indicated that lawsuits were protected by the right to petition provision of the First Amendment. He says, and I thought, no, I'm sorry, it is footnote five. The Supreme Court has implied that viewpoint discrimination could apply to the right of petition, Smith v. Arkansas State Highway employees. The First Amendment protects the right of an individual to speak freely, to advocate ideas, to associate with others, and to petition his government for redress of grievances. The government is prohibited from infringing upon these guarantees by imposing sanctions for the expression of particular views it opposes. Without more guidance from higher courts, however, this court is not prepared to apply Supreme Court dictum to the statute in this case. So he's asking for your help. I know you wanted to reserve time. You're welcome to keep going. No, no, Your Honor, I want to reserve time because I want to hear what they have to say. Thank you very much, Mr. Howell. Good morning, Your Honor. My name is Mike Bolasina, and I am counsel for the appellees in this case, the City of Kirkland, Officer Tromley, and Officer McMillian. Counsel, there's something that troubles me about your case. The Supreme Court took cert and rendered a decision in one of our Ninth Circuit cases with 1988 fees where the plaintiff told the jury, we're just trying to vindicate what's right. We know that the plaintiff is an unattractive plaintiff, so just give them $1 in nominal damages to vindicate the law. That's all we ask. So the jury unknowingly, thinking that it was not causing a huge transfer of wealth, awarded $1, and then the attorney's fees were in the six figures, and the Supreme Court said, no, no, no, $1 damages, that's no attorney's fees. It looks to me as though in this case the police did exactly the same thing. They told the jury, we just want to be vindicated. We don't want any damages at all. We're entitled, I don't remember them telling the jury this, but they're entitled to $1,000 liquidated damages if they don't want real damages. They said, no, no, no, we don't want a nickel. And it was the same kind of deception that the Supreme Court said no attorney's fees to, and I think it was Hensley v. Eckerhart. Your Honor, I disagree that it was a deception in this case. The plaintiff, the defendants, the officer said they did not want any damages for themselves, and they didn't ask for them, and they weren't awarded any, but that doesn't mean they're not the prevailing parties. And in the situation you're talking about, you're talking about Section 1988 and when the plaintiff is a prevailing party with the degree of success. The Supreme Court in that Hensley case was well aware that it's a whole lot easier to prevail if you don't ask the jury to give you a money award. Right. But the thing is, is what the jury answered in this question, the jury instruction they were given, is do you find that this lawsuit was brought knowingly false, with malice, without probable cause? And that's what they answered. That's what satisfied the defense for a prevailing party and why that was triggered. I don't think there's any distinction between that and Hensley. Because in Hensley they were talking about what does it mean to be a prevailing party as the plaintiff. And you not only have to prevail on your claims, but you have to have some degree of success in order to trigger that attorney's fees provision. I think that this should be analogized to the defense half of Section 1988, where you're the prevailing, under 1988 you're the prevailing party if the judge decides that the lawsuit was without foundation or unreasonable or frivolous. There's no requirement for defendants. Actually, counsel, 1988 doesn't say that. The Supreme Court just created that rule. I'm sorry, that is correct. That's how it's been interpreted. 1988 just says may allow the prevailing party. Right. And it's been interpreted. One dollar damages is nominal, which means no real damages. But they're technically a prevailing party. And the Supreme Court said, yeah, you're technically a prevailing party. But with one dollar damages you get no attorney's fees. Right. And the Supreme Court put the limitation on the plaintiffs that in order to be a prevailing party you have to have some degree of success. Why aren't the police technically prevailing parties just like the plaintiff with one dollar damages? Because they actually defeated the plaintiff's claims. The jury found that the plaintiff's claims have no merit. And they went one step further and actually successfully proved that the claims were brought falsely, knowingly falsely, and with an improper purpose. So, you know, if the judge were to make that determination under 1988, the defendants would be entitled to their attorney's fees and costs, regardless of whether there were any damages available to them or awarded. Mr. Policino, let me ask you a question. Here, in this case, the officers brought this malicious prosecution case and won. Suppose they had lost. Okay? Suppose the police officers had lost. And by lost you mean on their counterclaim or on their claims themselves? On their counterclaim. Suppose Mr. Howell's clients were the prevailing party on the counterclaim. Could they have recovered fees under this Washington statute? I don't believe so, Your Honor. I don't believe that it shifts. The only people who can win attorney's fees would be the police officers. The other side could not recover fees under the statute. Not under the statute. They would recover their fees if they won on the claims that they were making against the officers for things like false arrest or malicious prosecution. It's the lack of reciprocity in this statute that bothers me. Could you address that, please? Actually, there is no reciprocity on the face of the statute because it just applies to defending the claims. But when you look at the totality of the laws that apply to these kinds of actions, the plaintiffs have several ways in order to obtain attorney's fees. One is just basically by prevailing on the claims themselves. If they prevail on their 1983 claims, they get all their costs and fees as a matter of course. What you're saying is there might be other ways to skin the cat. Correct. We're talking about this cat. That's money. Well, that's true. And the thing is the defense of this counterclaim for the plaintiffs is nothing more than presenting their claims to the jury. Once the jury gets the case, they actually decide have the plaintiffs prevailed, have the defendants prevailed, or in a lot of cases they find that the plaintiffs didn't prove their cases and the defendants didn't show the very high standard with respect to malicious or knowingly false claims. Let me ask you another question related to the one I just asked you. I am from Arizona. We have a Supreme Court decision in Arizona that says when you have a statute that says one party can recover fees but it doesn't talk about the other party, as a matter of Arizona law, they impute that it's going to be reciprocal. Is there any kind of Washington interpretation that would be comparable to that? There is, and it arises in a contract provision. For example, if the contract says that a certain party can collect fees if they prevail on any claims arising out of the contract, the Washington Supreme Court has interpreted that to be reciprocal, that a one-sided contract with respect to that would be unconscionable. But that's not a one-sided statute. It's a one-sided contract. Right. I'm not aware of a Washington… Counsel, let me ask you something else about Washington law, given our limited time. The Washington law at 4.24.351 says in an action a counterclaim for damages may be litigated for malicious prosecution. Now, that doesn't apply here because no counterclaim for damages was litigated. The counterclaimant said we don't want damages. And then Subsection 2, which is the one that applies here, says that in a counterclaim brought by a law enforcement officer for malicious prosecution, up to $1,000 in liquidated damages together with a reasonable attorney's fee may be awarded. Now, what I'm wondering is that grammar allows for the construction that you can only get the reasonable attorney's fee if it's together with $1,000 as liquidated damages. The liquidated damages were waived. Is there Washington Supreme Court law or Washington Court of Appeals law that speaks to how to construe that language and whether it allows for an award of attorney's fees even without liquidated damages? I'm not aware of any, Your Honor. And I interpret that language when it says may be allowed an amount up to $1,000 as liquidated damages. I think that that is discretionary language. And frankly, I I realize you're talking about something other than what I asked. I understand you think it's discretionary. I was trying to find out if there was state authority that we could follow. I'm not aware of state authority that's similar to the degree of success rule that the Supreme Court has instituted with respect to That's a different issue. Is there any state authority at all on how to construe this language of the statute? No. Not that I'm aware of, Your Honor. Now, ordinarily in a tort action for malicious prosecution, one element of the claim is damages. And the damages have to be proved to the jury. Usually what the damages consist of is mainly attorney's fees. So the jury gets to see how much attorney's fees are being claimed. And the defendant in the malicious prosecution claim gets to try to prove to the jury that those are unreasonable attorney's fees for one reason or another. An alternative is if you have liquidated damages, then you don't have to prove to the jury the actual attorney's fees. All you have to do is get an instruction from the judge saying the defendant has which will be limited to $1,000, and you are to decide how much in liquidated damages up to $1,000 to allow. And I'm looking for some Washington authority that says you can tell the jury no damages and just get the attorney's fees from the judge. And I'm understanding your answer to be there is no state court authority whatsoever on this. We are on our own. Is that correct? That is my understanding, that there is no state law on this issue. And I would just analogize it to, for example, Rule 11 or Section 1998, where if there is proof that it's a knowingly false or malicious claim, that is enough to trigger an award of attorney's fees and cost. And the issue of liquidated damages is essentially an issue that may be allowed, either at the discretion of the party, whether they want to seek it or not, or the discretion of the jury, whether they want to award it or not. Well, the attorney's fee was not for the whole cause of action, or I mean the whole action. It was just as to a segment of the case, was it not? What Judge Peckman did is the city of Kirkland was in the case on constitutional claims until Judge Kunauer dismissed that in April of 2009. What she did was said that prior to that date, no attorney's fees or costs would be awarded. And then after the city of Kirkland had been dismissed on summary judgment for the 1983 claims, she awarded attorney's fees and costs accrued from that date through trial. And that's basically how she separated the two out. One issue that actually I think other than the issue, in addition to the issues the Court has been addressing, it is actually the issue of timeliness, which came up when Mr. Howell was answering questions. I understand that argument. The way I remember these judgments from when I did them as a lawyer or as a district judge was after the jury verdict, the clerk fills in a judgment based on the jury verdict  Subsequently, the successful party seeks costs from the clerk, and the clerk fills in that blank. And the successful party seeks attorney's fees from the judge, and the judge fills in that blank. Until that blank is filled in, there can't be an appeal from attorney's fees. If you win your verdict in January and you don't get your attorney's fees until March or April because of the litigation on attorney's fees, you can't very well be appealing the attorney's fees award in February because it doesn't exist yet. It doesn't exist until March or April when the judge makes a determination so that the clerk can fill in the blank. In this case, the judgment at issue doesn't have those blanks. The judgment at issue came shortly after the jury verdict, and it just says that the defendants prevailed on the plaintiff's claims, and the defendants prevailed on their counterclaims for malicious prosecution. You don't challenge his right to appeal the attorney's fee award, do you? Well, I don't challenge the right to appeal the amount of the attorney's fees award. What I do challenge is his right to appeal the constitutionality of the statute that that attorney's fees award is based upon, because Mr. Howell actually moved for summary judgment in the midst of the case. That was denied. He again moved for a directed verdict and objected to the jury instructions. I'm with you. He can't appeal the denial of the motion to dismiss, but I don't understand why if he's appealing the attorney's fees, the entire ball of wax with attorney's fees isn't in play. And I think the only thing that is in play is did the judge abuse her discretion in awarding attorney's fees as she did. I just looked at the judgment to see about the timeliness. It doesn't even say that you're going to get attorney's fees. It says nothing about them, so they have nothing to complain about, nothing to appeal. It just says, Trombly proved that Gibson et al. brought a malicious claim against him. McMillan proved that Gibson et al. brought a malicious claim against her. It doesn't mention attorney's fees. No, you're correct, Your Honor, it doesn't. So it would have been absolutely impossible, frivolous, to appeal attorney's fees within the, what is it, 10 or 30 days of the judgment? I believe it would be impossible to appeal the amount of the attorney's fees, but the fact that a malicious prosecution claim was put before the jury that Mr. Howell now claims is unconstitutional, he could have filed a notice of appeal within 30 days of the judgment of that. And that's the distinction I'm making, is that when it comes to the constitutionality of the statute, that should have been appealed within 30 days of the judgment. But if it comes to how Judge Peckman, the method that she used for awarding attorney's fees, I think that that was timely because he did appeal within 30 days of that attorney's fees award. I see you're out of time, Mr. Polisseni. Thank you. Thank you. Mr. Howell, back to you, and I think you've got about four minutes left, sir. Your Honor, let's clear up one thing right now. In their own brief, they say on page two, the issue was whether the district court correctly concluded Washington's malicious prosecution counterclaim, and it goes on, is constitutional under the First Amendment, and so forth. They say that in their brief, so the constitutionality is an issue. But, Judge Beaver, I want to clear up one thing. There was an out-and-out misrepresentation to this court. The Kirkland police officers told this court that the city of Kirkland was dismissed on summary judgment on April 9, 2009, page 36 of their brief. This is a false statement. Defendants know it's false. Defendants have moved for partial summary judgment, dismissal of their constitutional outrage claims. A different judge ruled, quote, the court grants summary judgment as to the section 1983 base claims against the city of Kirkland, record, page 94. The city of Kirkland remained in the case for responding at superior liability for the state common law torts. The defendants signed off on the pretrial order, quote, all plaintiffs against all defendants for false arrest, malicious prosecution, abuse of process, false imprisonment. The same pretrial order had one of the legal issues that the defendants wanted, number 14, can a municipality be liable for blank torts, record, page 748. The 2009 issue becomes germane because Judge Beckman said, well, I can't award attorney's fees for the time that you were representing the city of Kirkland. But the defendant, because they didn't segregate the time, so then she said, because the court cannot segregate the time spent defending Kirkland from the time spent defending the officers before the city was dismissed as a defendant, it declines to award defendant fees for the time spent before Judge Cunar's April 29 order. Judge Beckman made a mistake. The city was still apartment, and the defendant knew it. And since the defendants never segregated the work for the city versus the work of the officer, according to Judge Beckman, the defendant should really get no fee. Indigency was not considered. And there's another case. Is there anything in the record, counsel, that takes hours expended or timesheets versus the amount per hour to make the competition that resulted in the fixing of the fee so that we know exactly which judge is appearing in which matter at which time? Your Honor, there was nothing in the initial motion. Was any objection raised to the fee at the time it was imposed by the trial court? Yes, Your Honor. And on what basis? I objected on the basis that they couldn't get attorney's fees because of all the arguments I make here. There's no dummy. Farrar versus Hobby. There's no, there's no, if you don't have damages, you can't get attorney's fees. That was a Supreme Court case which clearly said that. But I want to say what is really at issue is fairness, and Your Honor hit on it. How can police officers or judges or prosecutors, they're still part of government, get liquidated damages and attorney's fees, but that law does not allow others the same right? Under Section 350 sub 2, the plaintiff cannot get liquidated damages and attorney's fees if the officer's counterclaim is false, frivolous, unfounded, and without probable cause. The plain field is not level. And isn't this really a form of retaliation? You sue me. You have the nerve to sue me. I'm going to counterclaim for malicious prosecution. It's really insidious. Let me tell you. I see your time is up, so if you would wrap it up, please. Okay, Your Honor. Just check Tacoma, Promise versus Tacoma, where my client had to give up $15,000 because of fear of coming back for counterclaim. Thank you, gentlemen. The case just argued is submitted. Good morning.
judges: Beezer, Kleinfeld, Silverman